# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEITH DALE MARTIN, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. 10-CV-0815-CVE-PJC |
| THE CITY OF TULSA COUNTY MUNICIPALITY; JESSE HARRIS; MICHELLE KEELEY, | ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

On December 23, 2010, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. # 1), and provided supporting exhibits (Dkt. # 2). Plaintiff is a state inmate, in custody pursuant to convictions entered in Tulsa County District Court, Case No. CRF-1997-2114. He appears *pro se*. By Order filed January 13, 2011 (Dkt. # 7), the Court granted Plaintiff's motion to proceed *in forma pauperis*. On January 25, 2011, he paid an initial partial filing fee of $26.14, as ordered by the Court. Upon careful review of the complaint, the Court finds that pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), the complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**A. Complaint shall be dismissed**

Pursuant to the Prison Litigation Reform Act ("PLRA"), a district court may dismiss an action filed *in forma pauperis* "at any time" if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations,

assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

After liberally construing Plaintiff's *pro se* complaint, see Haines, 404 U.S. at 520-21; Hall, 935 F.2d at 1110, the Court finds that Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 fail to state a claim upon which relief may be granted. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), the complaint shall be dismissed without prejudice.

In the complaint, Plaintiff names three (3) defendants: "The City of Tulsa County Municipality," Tulsa County District Court Judge Jesse Harris, and Tulsa County Assistant District Attorney Michelle Keeley. Plaintiff claims that in Tulsa County District Court, Case No. CF-97-2114,[1] he was acquitted by a jury of the crime charged in Count 1, Unlawful Possession of a Controlled Drug With Intent to Distribute/Felony/AFCF,[2] and that thereafter he was prosecuted

---

[1] In Case No. CF-97-2114, Plaintiff was convicted by a jury of Unlawful Possession of Controlled Drug, After Former Conviction of Two Felonies (Count 1); Failure to Signal (Count 4); and Escape from Lawful Custody, After Former Conviction of Two Felonies (Count 5). The jury recommended forty-five (45) years imprisonment and a $10,000 fine for the Count 1 conviction, ten (10) days imprisonment for the Count 4 conviction, and twenty (20) years imprisonment and a $1,000 fine for the Count 5 conviction. The trial court sentenced Plaintiff in accordance with the jury's recommendation and ordered the sentences to be served consecutively. In Case No. F-1997-1465, the Oklahoma Court of Criminal Appeals affirmed Plaintiff's convictions and sentences on direct appeal. The docket sheet for Case No. CF-1997-2114, viewed at www.oscn.net, reflects that Plaintiff has filed at least twelve (12) applications for post-conviction relief and multiple requests for extraordinary relief. All requests for post-conviction and extraordinary relief have been denied. Id. Plaintiff has also sought habeas corpus relief in this Court, N.D. Okla. Case No. 99-CV-775-TCK. In that case, the Court denied habeas corpus relief on September 30, 2002. Plaintiff appealed and, on June 19, 2003, the Tenth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal. The docket sheet for Case No. 99-CV-775-TCK also reflects that Plaintiff has repeatedly requested leave to file a second or successive habeas corpus petition. Each request has been denied. On October 12, 2010, Plaintiff filed a second petition for writ of habeas corpus in N.D. Okla. Case No. 10-CV-648-TCK. On December 8, 2010, that petition was dismissed as a second or successive petition. Remarkably, Plaintiff has also previously sought relief from his conviction under 42 U.S.C. § 1983. In N.D. Okla. Case No. 09-CV-017-GKF, Plaintiff's complaint was dismissed for failure to state a claim upon which relief may be granted. That dismissal counted as Plaintiff's first "strike" under 28 U.S.C. § 1915(g).

[2] Plaintiff was convicted of the lesser included offense of Unlawful Possession of a Controlled Drug, After Former Conviction of Two Felonies.

further "beyond the law, abusing the State of Oklahoma's Criminal Process." See Dkt. # 1. Based on that allegation, Plaintiff raises the following grounds for relief:

Count 1: The Defendants Jessie [sic] Harris and Michelle Keeley while working in their Official capacity, held further proceedings after the Plaintiff was acquitted by the jury of the crime charged in Count One in case CRF-97-2114 without probable cause, seeking and obtaining a conviction, sentencing him to 45 years in prison in violation of the Plaintiff's Fourth and Fifth Amendment Constitutional Right to be protected from being prosecuted twice for the same offense, also in violation of his Fourteenth Amendment Constitutional Right to equal protection and due process of the law.

Count 2: The Defendants, Jessie [sic] Harris and Michelle Keeley, while working in their official capacity, after the Plaintiff was acquitted by the jury of the crime charged in Count One of CRF-97-2114, used the same felony offense the Plaintiff was acquitted of, without Probable Cause, to "bump" the crime of Escape From Lawful Custody, charged in Count Five, up from Misdemeanor to Felony status to gain a Felony conviction and a twenty year prison sentence in violation of the Plaintiff's Fourth, Fifth, Sixth and Fourteenth Amendment Constitutional Rights.

Count 3: Jessie [sic] Harris, in his Official capacity, maliciously abused the State of Oklahoma's criminal process in order to conceal from the Plaintiff the crime he was allegedly convicted of in Count One CRF-97-2114, to prevent Plaintiff from perfecting an appeal, when he intentionally filed a completely false Judgment and Sentence in violation of Plaintiff Martin's First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment Constitutional Rights.

Count 4: The Defendant, Jessie [sic] Harris, abused the State of Oklahoma's criminal process when he filed an amended Judgment and Sentence for the conviction had in Count One CRF-97-2114 alleging that the Plaintiff had been convicted of 63 O.S. 2-402 when the conviction had in Count One was disposed under 63 O.S. 2-401(B) in violation of the plaintiff's First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment Constitutional Rights.

Count 5: Jessie [sic] Harris, while working in his Official capacity, without Probable Cause, filed and entered a Judgment and Sentence to serve as a Warrant for the Plaintiff's confinement in violation of his Fourth and Fourteenth Amendment Constitutional Rights.

(Dkt. # 1). As relief, Plaintiff seeks a declaratory judgment and injunctive relief in the form of his release from custody. See id.

Plaintiff's claims against all defendants fail to state a claim upon which relief may be granted. "[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or Sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 1585 (1997) (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994)). Requests for injunctive and declaratory relief premised on allegations which necessarily imply the invalidity of ongoing incarceration are also barred under Heck. See Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 557 (10th Cir. 1999)); see also Kutzner v. Montgomery County, 303 F.3d 339, 341 (5th Cir. 2002).

The Court finds that a judgment in favor of Plaintiff on any of his claims challenging the constitutionality of his ongoing incarceration due to the criminal conviction entered in Tulsa County District Court "necessarily impl[ies] the invalidity of his conviction or Sentence." Heck, 512 U.S. at 487. Furthermore, Plaintiff has not shown that the conviction has been overturned or otherwise invalidated. As a result, any claim declaratory or injunctive relief under 42 U.S.C. § 1983 has not yet accrued and Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**B. Second "prior occasion" under 28 U.S.C. § 1915(g)**

Plaintiff has been granted leave to proceed *in forma pauperis*. In addition, his complaint fails to state a claim upon which relief may be granted. As a result, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal shall count as Plaintiff's second "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior

occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

C.  Filing fee obligations

As a final matter, Plaintiff is reminded that he remains obligated to pay **$323.86**, the balance owed on the filing fee for this case. In addition, as of today's date, Plaintiff has submitted partial filing fee payments totaling $105.41 in N.D. Okla. Case No. 09-CV-017-GKF. Therefore, he remains obligated to pay **$244.59**, the balance owed on the filing fee for that case. The total owed by Plaintiff for the two civil rights cases is **$568.45**.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's civil rights complaint (Dkt. # 1) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).
2. The Clerk is directed to **flag** this dismissal as Plaintiff's second "prior occasion" for purposes of 28 U.S.C. § 1915(g).
3. Plaintiff remains obligated to pay in monthly installments **$568.45**, the balance owed on the filing fees for both this case and Case No. 09-CV-017-GKF.

**DATED** this 28th day of January, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT